## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANTHONY TORRES,
    *Petitioner,*

    v.                          No. 3:24cv1876 (VAB)

WARDEN REIS,
    *Respondent.*

### RULING AND ORDER ON MOTION TO DISMISS

Warden Reis ("Respondent") has moved to dismiss the petition for writ of habeas corpus, brought under 28 U.S.C. § 2254 and filed by Anthony Torres ("Petitioner").

For the following reasons, the motion to dismiss is **GRANTED,** and Mr. Torres's habeas petition is **DISMISSED** without prejudice.

## I.    BACKGROUND

A jury found Mr. Torres guilty of ten counts of sexual assault in the first degree and four counts of risk of injury to a child, all in violation of Connecticut state law. *See State v. Torres*, 60 Conn. App. 562, 563 (2000).

The state court sentenced Mr. Torres on June 18, 1998, to "a total effective sentence of forty years imprisonment, execution suspended after thirty years[,] followed by thirty-five years of probation with special conditions." *Torres v. Myers*, No. 301CV2072DJS, 2007 WL 283114, at *1 (D. Conn. Jan. 31, 2007). Mr. Torres appealed his conviction. *See id.* (citing *Torres*, 60 Conn. App. at 563–64). The Connecticut Appellate Court affirmed Mr. Torres's conviction. *Id.* (citing *Torres*, 60 Conn. App. at 575). The Connecticut Supreme Court denied Mr. Torres's petition for certification for appeal. *Id.* (citing *State v. Torres*, 255 Conn. 925 (2001)). Mr. Torres then filed a federal habeas petition challenging his conviction. *See id.* U.S. District Judge

Dominic Squatrito denied the habeas petition. *Id.* at *7.

Mr. Torres was released from prison in June of 2022. *See Torres v. Off. of Adult Prob.*, No. 3:22-CV-00883 (SVN), 2023 WL 9061824, at *1 (D. Conn. Nov. 27, 2023). Mr. Torres was then transferred to the January Center, a residential sex offender treatment facility at Corrigan Correctional Center. *Id.* While there, Mr. Torres was charged with violating his probation and arrested in March of 2023. *Id.*

Mr. Torres was convicted of violating his probation, *id.*, and was sentenced to 10 years' imprisonment, execution suspended after two years, with thirty years' probation to follow on August 15, 2023. Resp. Ex. D, ECF No. 38-4 at 5. The state court also imposed special conditions of probation. *See id.* at 5–12. Mr. Torres appealed his probation revocation on October 12, 2023. *See* Resp. Ex. E, ECF No. 38-5 at 2. Mr. Torres filed his reply brief on March 11, 2025, and the appeal is set for oral argument on May 29, 2025. *See* State of Connecticut Judicial Branch, *Appellate/Supreme Court Case Look-up*, https://appellateinquiry. jud.ct.gov/CaseDetail.aspx?CRN=80013&Type=AppealNo (last visited May 7, 2025). Because oral argument has not yet occurred, the Connecticut Appellate Court has not yet issued an opinion.

Mr. Torres filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 on November 25, 2024, while the appeal of his state revocation judgment was pending. Pet., ECF No. 1. Mr. Torres asserts that he was convicted of his probation violation with insufficient evidence, *see* Decl., ECF No. 1-1 ¶ 17, that the state court imposed special conditions that were not imposed in the original sentencing judgment, *see id.* ¶ 19, and that this Court should "take emergency jurisdiction of the State direct appeal . . . ." *Id.* ¶ 33 (emphasis omitted).

Mr. Torres also filed several motions after he filed his habeas petition. Mr. Torres filed a motion to appoint counsel, ECF No. 2, a motion to expedite ruling on his habeas petition, ECF No. 3, a motion seeking legal documents, ECF No. 4, a motion for preliminary injunction, ECF No. 10, a motion to hold proceedings by video, ECF No. 11, and a motion for an Order to Show Cause. ECF No. 12. The Court denied all six motions. Order, December 20, 2024, ECF No. 13. Mr. Torres then filed a notice of interlocutory appeal seeking to appeal the Court's December 20, 2024, order denying these six motions. NIA 1, ECF No. 21. The Court declined to issue a Certificate of Appealability. Order, January 17, 2025, ECF No. 25. That appeal remains pending. *See Torres v. Reis*, 25-128.

Mr. Torres then filed an emergency motion for preliminary injunction, ECF No. 14, a motion related to e-filing, ECF No. 18, and two motions for copies. ECF No. 19, 20. The Court granted the two motions for copies (ECF No. 19, 20), and denied the other two motions (ECF No. 14, 18). Order, January 17, 2025, ECF No. 24. Mr. Torres filed another motion for copies, ECF No. 27, and a motion to vacate an order granting Warden Reis an extension of time to respond to the Petition. ECF No. 26. The Court denied those motions. Order, January 23, 2025. ECF No. 28.  Mr. Torres filed a notice of interlocutory appeal, seeking to appeal the Court's January 23, 2025, order denying these motions. NIA 2, ECF No. 31. That appeal remains pending. *See Torres v. Reis*, 25-242.

Mr. Torres next filed a motion for recusal of the presiding judge. ECF No. 30. The Court denied this motion, Order, February 3, 2025, ECF No. 33, and declined to issue a Certificate of Appealability. Order, February 3, 2025, ECF No. 34. Mr. Torres filed a notice of interlocutory appeal, seeking to appeal the Court's February 3, 2025, order denying his Motion for Recusal of Presiding Judge. NIA 3, ECF No. 35. That appeal remains pending. *See Torres v. Reis*, 25-329.

Mr. Torres also filed a petition for extraordinary writ of mandamus in the Second Circuit on February 4, 2025. *See In Re: Anthony Torres*, 25-269. That petition remains pending.

Warden Reis filed a motion to dismiss Mr. Torres's habeas petition, asserting that (1) Mr. Torres has not exhausted his claims in state court, and (2) this Court must abstain from exercising jurisdiction over Mr. Torres's direct appeal pending in the Connecticut Appellate Court. *See* Mot. to Dis., ECF No. 37 at 1.

## II.    STANDARD OF REVIEW

### A.  Subject Matter Jurisdiction

A court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)).

### B.  Review of Habeas Petitions

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018) (reviewing motion to dismiss § 2254 petition under Fed. R. Civ. P. 12(b)(6)). To survive dismissal, the petition must "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). Although "detailed factual allegations" are not required, a petition must offer more

than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or

"naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Any *pro se* filing must be construed "liberally" and interpreted "to raise the strongest

arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

2006). "Despite the special solicitude that the Court must show [a *pro se* litigant] out of

consideration for his pro se status, his petition must still include sufficient factual allegations to

meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)."

*Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3,

2017) (citation and internal quotation marks omitted).

In considering a motion to dismiss, a court typically may consider only the complaint, or,

here, the habeas petition. However, the habeas petition "is deemed to include any written

instrument attached to it as an exhibit or any statements or documents incorporated in it by

reference," as well as any documents deemed "integral" to the petition. *Chambers v. Time*

*Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations and internal quotation marks

omitted). *See also Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir.

2005) (explaining that, in considering a motion to dismiss, "the court may consider any written

instrument attached to the complaint as an exhibit or incorporated in the complaint by reference,

as well as documents upon which the complaint relies and which are integral to the complaint").

To that end, because the habeas petition relies on the various state court proceedings underlying

the procedural history of this case, the Court will consider the documents relevant to those

proceedings. *Vializ v. Arnone*, No. 3:11CV1636 VLB, 2012 WL 3000406, at *1 (D. Conn. July 20, 2012) (taking judicial notice of habeas petitioner's state cases).

## III.    DISCUSSION

### A.    Subject Matter Jurisdiction

As a preliminary matter, the Court will address its jurisdiction to consider Warden Reis's motion to dismiss, notwithstanding the general divesture of jurisdiction rule.

First, "where the notice of appeal is filed as to an order which is not yet subject to appeal, that notice does not divest the district court of jurisdiction." *United States Sec. & Exch. Comm'n v. Ahmed*, No. 3:15CV675 (JBA), 2018 WL 11294435, at *1 (D. Conn. Nov. 5, 2018) (citing *Griggs*, 459 U.S. at 58 (holding that where the notice of appeal was untimely, it "was a nullity" which "shall have no effect" and, "in short, it is as if no notice of appeal were filed at all" and the Court of Appeals therefore did not acquire jurisdiction)).

None of the orders appealed, *see* Order, December 20, 2024, ECF No. 13, Order, January 23, 2025. ECF No. 28, Order, February 3, 2025, ECF No. 33, are final orders subject to appeal under 28 U.S.C. § 1291 or orders subject to interlocutory appeal under 28 U.S.C. § 1292. Because the Second Circuit lacks jurisdiction to consider appeals from these non-final orders, Mr. Torres's three notices of interlocutory appeal have not divested this court of jurisdiction over the matter. *See*, *e.g.*, *United States Sec. & Exch. Comm'n*, 2018 WL 11294435, at *2 (citing *Griggs*, 459 U.S. at 58) ("Because the Court's denial of Defendant's Motion to Recuse was not subject to immediate appeal, his Notice of Appeal did not divest this Court of jurisdiction to enter judgment against him."). *See also Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980) ("[W]e see no efficiency to be gained by allowing a party arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on this Court the power

to do nothing but dismiss the appeal" and finding retention of jurisdiction in the district court "the preferable view").

Second, Mr. Torres's notices of interlocutory appeal have not divested the Court of jurisdiction to consider Warden Reis's motion to dismiss even if the Second Circuit had jurisdiction to consider Mr. Torres's interlocutory appeals. "[T]he filing of a notice of appeal only divests the district court of jurisdiction respecting the *questions raised and decided in the order that is on appeal.*" *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) (emphasis added).

Because the questions raised and decided in the orders now on appeal in do not bear on the issues of whether Mr. Torres exhausted his state remedies or whether the Court should abstain from intervening in Mr. Torres's pending direct appeal in state court, Mr. Torres's notices of interlocutory appeal have not divested the Court of subject matter jurisdiction to consider Warden Reis's Motion to Dismiss. *See*, *e.g.*, *Rosa v. Cook*, No. 3:22-CV-703 (JAM), 2024 WL 1050516, at *2 (D. Conn. Mar. 11, 2024) (relying on *N.Y. State Nat'l Org. for Women* to conclude that court could consider defendant's motion to dismiss notwithstanding plaintiff's interlocutory appeal of orders denying motions for an extension of time for discovery, to compel the production of video evidence, for the appointment of counsel, and for leave to proceed *in forma pauperis* on appeal); *Patterson v. Peh, I LP*, No. CIVA305-CV01138 JCH, 2007 WL 906159, at *2 (D. Conn. Mar. 13, 2007) (citing *New York State Nat. Organization for Women*, 886 F.2d at 1350) (ruling on a motion to dismiss despite plaintiff's pending appeal of an order denying a motion to stay); *Connecticut v. Spellings*, 453 F. Supp. 2d 459, 468 (D. Conn. 2006), *aff'd as modified sub nom.*, *Connecticut v. Duncan*, 612 F.3d 107 (2d Cir. 2010) (ruling on motion to dismiss despite appeal of motion to intervene).

Accordingly, because Mr. Torres's notices of interlocutory appeal are premature and, in any event, do not reach the subject matter of Warden Reis's motion to dismiss, the Court retains jurisdiction to consider Warden Reis's Motion to Dismiss on the merits.

### B.  The Habeas Petition

Warden Reis moves to dismiss on two grounds: (1) Mr. Torres did not exhaust his state remedies before filing his habeas petition, and (2) this Court must abstain from exercising jurisdiction over Mr. Torres's direct appeal under *Younger v. Harris* and the *Rooker-Feldman* doctrine. *See* Mot. to Dis., ECF No. 37 at 1 (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Because the Court agrees that Petitioner has not exhausted his state remedies before filing his federal habeas petition, the Court will not address the second ground. *See, e.g.*, *Pittman v. Cook*, No. 3:20-CV-626 (VAB), 2020 WL 2840256, at *7 n.2 (D. Conn. June 1, 2020) (declining to address *Younger* abstention because habeas petitioner failed to exhaust state court remedies).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to "exhaust[ ] the remedies available in the courts of the State[,]" 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) *(per curiam)*; *Picard v. Connor,* 404 U.S. 270, 275 (1971)). "Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). This furthers the purpose of promoting considerations of comity and respect between the federal and state judicial systems by affording the state court the first opportunity to correct a

constitutional violation. *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.").

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (citing *Duncan*, 513 U.S. at 365–66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Thus, a petitioner seeking federal habeas review of a Connecticut state judgment "must exhaust his state court remedies with regard to any claim he includes in a federal habeas petition by seeking review of that ground before the Connecticut Supreme Court." *Grant v. McGill*, No. 3:08CV1432 (JBA), 2009 WL 1060468, at *1 (D. Conn. Apr. 20, 2009) (citing 28 U.S.C. § 2254(b)(1)(A); *Cotto v. Herbert,* 331 F.3d 217, 237 (2d Cir. 2003)).

Mr. Torres acknowledges in his habeas petition that the direct appeal of his revocation judgment was pending, when he filed his federal habeas petition. *See* Pet., ECF No. 1 at 3, 18. State of Connecticut Judicial Branch records confirm that Mr. Torres's direct appeal is still pending. *See* State of Connecticut Judicial Branch, *Appellate/Supreme Court Case Look-up*, *supra*. Because Mr. Torres's direct appeal of his revocation judgment is still pending, he has not exhausted his state remedies by raising his claims before the Connecticut Supreme Court. *See*, *e.g., Baldwin*, 541 U.S. at 29; *Grant*, 2009 WL 1060468, at *1; *Jeanty v. Martucello*, No. 24-CV-9540 (LTS), 2025 WL 1092328, at *2 (S.D.N.Y. Mar. 10, 2025) ("Because Petitioner alleges that his direct appeal is pending, and he therefore has not fully exhausted his state court

remedies, the petition is denied as prematurely filed."); *Johnson v. Samuelson*, No. 24-CV-0126

(LTS), 2024 WL 1076896, at *2 (S.D.N.Y. Feb. 8, 2024), *appeal dismissed*, No. 24-739, 2025

WL 906854 (2d Cir. Jan. 6, 2025) (same); *Williams v. People*, No. 23-CV-10027 (LTS), 2024

WL 421130, at *2 (S.D.N.Y. Jan. 4, 2024) (same).

      Exhaustion may be excused, though, if the habeas petitioner can demonstrate that

exhaustion would be futile. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*).

Exhaustion is futile when "there is an absence of available State corrective process," or when

"circumstances exist that render such process ineffective to protect the rights of the applicant."

28 U.S.C. § 2254(b)(1)(B). "In other words, there must be *no opportunity* to obtain redress in

state court or the state process must be *so clearly deficient* as to render *futile* any effort to obtain

relief." *Jumpp v. Cournoyer*, No. 3:15-CV-00892 (VLB), 2016 WL 3647146, at *3 (D. Conn.

June 30, 2016) (emphasis in original) (citing *Duckworth*, 454 U.S. at 3).

      The Second Circuit has "recognized that a failure to exhaust may be excused . . . where

there has been 'substantial delay in the state criminal appeal process.'" *Roberites v. Colly*, 546 F.

App'x 17, 19 (2d Cir. 2013) (summary order) (quoting *Cody v. Henderson,* 936 F.2d 715, 718

(2d Cir.1991); citing 28 U.S.C. § 2254(b)(1)(B)(ii) (excusing failure to exhaust where

circumstances render state corrective process ineffective to protect rights of petitioner); 17B

Wright & Miller, *Fed. Prac. & Proc. Juris.3d* § 4264.2 (2009) ("[I]f there is undue delay

between the prisoner's application to the state courts and final disposition of it there, the federal

courts consider that the state corrective process is ineffective to protect the rights of the prisoner

and will pass on a habeas corpus petition.")). But Mr. Torres's appeal has not been subjected to

"substantial delay" under Second Circuit law.

Mr. Torres's appeal was initiated in October of 2023. *See* State of Connecticut Judicial

Branch, *Appellate/Supreme Court Case Look-up*, *supra*. Mr. Torres filed four motions to extend

the deadline for filing his brief before filing it on June 10, 2024. *See id.* While the State also filed

four motions to extend the deadline for filing its brief before filing it on January 23, 2025, Mr.

Torres filed a motion for extension to file his reply brief before filing it on March 11, 2025. *See*

*id.* The Connecticut Appellate Court thereafter set oral argument for May 29, 2025. *Id.* The

routine delays in briefing to this point have not rendered the state process ineffective. *See*, *e.g.*,

*Roberites v. Colly*, 546 F. App'x at 20 (holding that appellate counsel's 32-month delay in

perfecting the appeal did not render the state corrective process ineffective when habeas

petitioner's "appeal [wa]s finally on track for a merits assessment by the New York courts.").

Accordingly, because Mr. Torres has failed to exhaust his administrative remedies before

filing his habeas petition, and there is no basis to excuse his failure to exhaust, his habeas

petition will be dismissed.[1]


## IV.    CONCLUSION

For the foregoing reasons, Warden Reis's motion to dismiss, ECF No. 37, is **GRANTED,**

and Mr. Torres's habeas petition, [ECF No. 1, is **DISMISSED** without prejudice[2].

---

[1] Mr. Torres has filed a motion to stay civil proceedings on April 21, 2025, for a 60-day period, citing his failing health. ECF No. 43. But Mr. Torres only seeks a stay of the proceedings and not an extension of time to file a response, and has already admitted the pendency of his ongoing appeal in state court, dooming the fate of this petition, at least at this time. As a result, staying these proceedings and delaying the resolution of this motion would serve little purpose. Accordingly, consistent with this Court's inherent authority to address the matters on its docket expeditiously, *see Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."), the Court has decided to deny Mr. Torres's motion to stay civil proceedings, ECF No. 43, and resolve this motion to dismiss now.
[2] *See*, *e.g.*, *Clemente v. Connecticut*, No. 3:21-CV-408 (JAM), 2022 WL 527757, at *3 (D. Conn.

And, because jurists of reason would not find it debatable that Mr. Torres failed to exhaust his state court remedies, a Certificate of Appealability will not issue.[3]

The Clerk of Court is respectfully directed to enter judgment for Warden Reis, and to close this case.

**SO ORDERED** at New Haven, Connecticut, this 23rd day of May, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

Jan. 27, 2022) (granting motion to dismiss habeas petition without prejudice to filing a renewed petition "after all claims have been fully exhausted in the state courts of Connecticut.").
[3] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a Certificate of Appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).